

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 1 9 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DANNY LIN MACCUNE | § | |
| | § | |
| vs. | § | MISCELLANEOUS |
| | § | B-00-014 |
| CORREY NELSON, | § | |
| MATT MERTINEZ, | § | |
| MARK DOWD, | § | |
| MS. KOWALSKI-GARZA, | § | |
| HILDA G. TAGLE | § | |

## MEMORANDUM AND ORDER

The above referenced cause of action involves a civil suit by a prisoner against governmental officers and/or employees of governmental entities. Regardless of whether Maccune is proceeding *in forma pauperis*, the complaint is subject to the screening process set out in 28 U.S.C.A. § 1915A. *See Martin v. Scott*, 156 F 3d 578 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Maccune has alleged nine different claims in the instant complaint which will consequently be addressed. *See* Plaintiff's Complaint p.3-4.

Maccune's first claim alleges a Fourth Amendment excessive force violation against Agent Correy Nelson. At this point there exist sufficient facts plead allowing this claim to remain as a *Bivens* claim.

The second claim plead is an Equal Protection violation against Agent Matt Martinez for the use of racial epithets/slurs. Maccune alleges that Martinez referred to him as "old county punk" and "white mule". This Court finds that such conduct fails to rise to the level of an Equal Protection violation of the Fourteenth Amendment. Therefore, Claim Two alleging an Equal

Protection violation is **DISMISSED WITH PREJUDICE**.

Claim Three alleges a violation of 42 U.S.C. § 1983. Every defendant named in the instant lawsuit is a federal agent, federal employee, or federal judge. 42 U.S.C §1983 only applies to persons acting under color of state law. Accordingly, Claim Three alleging a violation of 42 U.S.C. § 1983 is **DISMISSED WITH PREJUDICE**.

Claim Four alleges a *Bivens* claim for violation of due process because Maccune's wife had to sell property. This Court finds such claim to be frivolous and it is **DISMISSED WITH PREJUDICE**.

Claim Five alleges tortious interference with contract specifically, that Maccune was not placed in the Federal Witness Protection Program and given a downward departure as indicated by the plea agreement. This claim will not be dismissed until all parties have been given an opportunity to address the issue.

Maccune, in Claim Six, alleges a violation of the R.I.C.O statute. The Court finds this claim to be frivolous and it is hereby **DISMISSED WITH PREJUDICE**.

Next, Maccune has plead a mail fraud violation under 18 U.S.C. § 1341 and a wire fraud violation under 18 U.S.C. § 1343. The Court finds both claims to be frivolous and they are hereby **DISMISSED WITH PREJUDICE**.

In Claim Eight, Maccune alleges extortion in violation of 18 U.S.C. §2, 1951, and 1952. This claim is frivolous and is hereby **DISMISSED WITH PREJUDICE**.

Lastly, Maccune has alleged a violation of 42 U.S.C. § 1985 (3). This statute only applies to state actors, the defendants in the instant case are all members of the federal government. As a result, this claim is **DISMISSED WITH PREJUDICE**.

Maccune has failed to allege any wrongdoing on the part of United States District Judge

Hilda Tagle. In fact, the only reference Maccune makes to Judge Tagle is his claim that she should have held an evidentiary hearing after his sentencing to investigate certain matters. No valid cause of action can exist as to Judge Tagle, therefore any claims against her are **DISMISSED WITH PREJUDICE**.

DONE this 19th day of April, 2000 in Brownsville, Texas.

Filemon B. Vela

United States District Judge

ClibPDF - www.fastio.com