UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 7 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DANNY LIN MACCUNE<br>Plaintiff, | *<br>*<br>* |
| vs. | *   CIVIL ACTION No. Misc. B-00-014<br>*   CAB-00-65 |
| CORREY NELSON, et al.<br>Defendants. | *<br>* |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES 12(b)(1), (2), (5) AND (6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, the United States of America and FBI Special Agent Correy Nelson, by and through Gregory A. Serres, United States Attorney for the Southern District of Texas moves to dismiss the Plaintiff's complaint pursuant to Rules 12(b)(1), (2) (5) and (6) of the FED. R. CIV. P. In support of this motion, Defendants submit the following for the Court's consideration:

**Background**

1. Plaintiff, Danny Lin Maccune was arrested at approximately 2:30 a.m. on March 7, 1998.

2. Plaintiff subsequently plead guilty to a charge of possession with intent to distribute marihuana and cocaine. The Court sentenced him to 112 months imprisonment.

3. On March 1, 2000, Plaintiff filed this complaint which enunciated nine claims. The District Court screened the complaint pursuant to 28 U.S.C. §1915A and on April 19, 2000 issued an order dismissing seven of Plaintiff's nine claims.

4. The remaining claims are: (a) a <u>Bivens</u> claim against Special Agent ("SA") Nelson alleging a Fourth Amendment violation of excessive force; and, (b) a claim for tortious interference with contract because Maccune was not placed in the witness protection

program and did not receive a downward departure as were allegedly promised by federal agents and prosecutors.

5. To date, neither SA Nelson nor the United States have been served with a copy of the summons and complaint as set forth under Rules 4(i)(2)(B), 4(e) and 4(i)1.

## A. Insufficient Service of Process

A federal court must obtain personal jurisdiction over the defendant before it can issue a binding judgment in a suit where plaintiff seeks money damages from the personal financial assets of a federal employee. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982) (stating that court must have jurisdiction over both the subject and the parties for an order to be valid). Failure to perfect service of process deprives the court of jurisdiction over the person and, therefore, is fatal to a claim. See, Point Landing, Inc. v. Omni Capitol International, Ltd., 795 F.2d 415, 425 (5th Cir. 1986) and Amusement Equipment, Inc. v. Mordelt, 779 F.2d 264, 266-67, fn 2 (5th Cir. 1985).

Therefore, if the Plaintiff has failed to perfect service as to an individual, claims against that individual are subject to dismissal pursuant to FED. R. CIV. P. 12(b)(2).

### 1. SA Nelson Has Not Been Served

The Federal Rules of Civil Procedure were amended in December 2000. Under the new rules, a plaintiff suing an officer or employee of the federal government in his individual capacity must comply with the new rule FED. R. CIV. P. 4(i)(2)(B). Plaintiff failed to state whether he is suing SA Nelson in his personal or official capacity. However, since plaintiff is suing for a constitutional violation, it is presumed he is suing SA Nelson in his personal capacity pursuant to Bivens. Thus, plaintiff was required to serve SA Nelson in

2

conformance with FED. R. CIV. P. 4(i)(2)(B). That rule requires both that SA Nelson be served under Rule 4(e)[1] and that the government be served under Rule 4(i)(1).

Plaintiff did not serve defendant SA Nelson at all. While it might have been difficult and/or expensive for Mr. Maccune to arrange the personal service required by FED. R. CIV. P. 4(e)(2), he could have effected service by certified or registered mail. Under FED. R. CIV. P. 4(e)(1), Plaintiff could have used the Texas rules of service which allows the summons and complaint to be delivered by certified or registered mail. TEX. R. CIV. P. 21a. The Court should dismiss the claim against SA Nelson pursuant to FED. R. CIV. P. 12(b)(2) because the Court lacks personal jurisdiction over him.

## 2. The United States Has Not Been Served

To serve the United States under FED. R. CIV. P. 4(i)(1), the plaintiff must serve two copies of the summons and complaint. One copy must be sent by registered or certified mail to the Attorney General of the United States. FED. R. CIV. P. 4(i)(1)(B). The second copy must be served upon the United States Attorney's Office (USAO) in the district in which the action is brought. FED. R. CIV. P. 4(i)(1)(A). Service on the USAO may be accomplished by delivering a copy of the summons and complaint to the United States Attorney or to an Assistant United States Attorney (AUSA) or clerical employee designated by the U.S. Attorney or by sending the summons and complaint to the civil process clerk of the USAO by registered or certified mail. Thus, a copy of the summons and complaint should have been hand delivered to the U.S. Attorney or the person to whom he has designated for service or sent by certified/registered mail to the civil process clerk. No such service on either the U.S. Attorney or the Attorney General has been made. If not,

---

[1] The new rule actually requires service on an individual in accordance with Fed. R. Civ. P. 4(e), (f), or (g). However, since the defendant in this case is not in a foreign country, Fed. R. Civ. P. 4(f) does not apply. Since the defendant is not an infant nor an incompetent, Fed. R. Civ. P. 4(g) does not apply.

3

failure of service upon the government should support a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(5).

## B. *Bivens* Claim Should be Dismissed

### 1. Bivens Claim Fails Because Plaintiff Failed to Show How SA Nelson's Conduct Deprived Plaintiff of His Constitutional Rights

In order to state a claim under <u>Bivens</u>, a plaintiff must allege facts showing that his or her constitutional rights were violated by the defendant federal employee. Only officials who actually participate in the alleged constitutional violations are subject to claims for money damages. <u>Cronn v. Buffington</u>, 150 F.3d 538, 544 (5th Cir. 1998) and Complaint, pp. 20 & 28 (Plaintiff acknowledges and provides citations for the analogous proposition under 42 U.S.C. §1983).

A plaintiff may not recover damages without establishing causation-in-fact between the official's conduct and the alleged injury. *Id.;* see also, <u>Beard v. O'Neal</u>, 728 F.2d 894, 899 (7th Cir. 1984), *cert. denied*, 469 U.S. 825 (1984); and see <u>Liffeton v. Keuker</u>, 850 F.2d 73, 76 (2d Cir. 1988) (citing <u>McKinnon v. Patterson</u>, 568 F.2d 930, 934 (2d Cir. 1977) (for upholding a dismissal of 1983 claims for lack of specific allegations).

Plaintiff's <u>Bivens</u> complaint, in part, is that he was the victim of excessive force when he was allegedly thrown to the ground after being handcuffed. Plaintiff describes this part of his arrest very specifically; never does he state that it was SA Nelson that threw him to the ground and handcuffed him. Complaint, p. 28, para. 2.

Thus, the claim that SA Nelson used excessive force during the course of Maccune's arrest is improperly brought against SA Nelson, who, by Plaintiff's own allegations, did not perform the act.

4

### 3. *Bivens* Allegation Fails to State a Claim for Which Relief Can Be Granted.

In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the United States Supreme Court created an action for damages, for violation of the Fourth Amendment, against federal officials in their individual capacities. A claim that law enforcement used excessive force in executing an arrest is a Fourth Amendment claim. See, e.g., Ikerd v. Blair, 101 F.3d 430 (5th Cir. 1996). The core of such a claim is that the official used force. See, e.g., Graham v. Connor, 490 U.S. 386, 395 (1986) (discussing acts "by means of physical force or show of authority"); Spann v. Rainey, 982 F.2d 1110, 1115 (5th Cir. 1993) (requiring a "use of force" as a portion of an essential element of the claim); and Ikerd, 101 F.3d at 434 (citing Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995 [1992]) (discussing whether every touch by an officer supports a claim).

A claim that an officer failed to act, however, is not a claim regarding force, but most likely a claim for negligence. The remainder of Plaintiff's claim is that he was not provided medical attention as soon as he requested it. See, Complaint. p. 6, para. 1 (asserting that Plaintiff was not taken to the hospital until two hours after he made the request). This is not a claim regarding the magnitude of force exercised by law enforcement.[2] This is a claim that law enforcement did not act fast enough; in other words, it is a claim for negligence. Plaintiff's complaint is not a constitutional one; therefore, it is not appropriate under Bivens.

---

[2] To construe this as a claim that the agents used excessive force by intentionally placing him on an ant hill, would mean that Plaintiff is alleging that the agents correctly guessed where the traffic stop was going to take place, found the ant hill in advance, and were able to find the ant hill during the arrest in the dark of night and place plaintiff upon it. This reading of the claim seems so patently absurd that we do not address it.

5

Consequently, Plaintiff's constitutional claim regarding the amount of time between his request and medical treatment should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

Further, the Federal Torts Claims Act (FTCA) provides the exclusive remedy for common law and state law tort claims asserted for acts of federal employees acting within the scope of their employment. United States v. Smith, 499 U.S. 161, 163 (1991). The FTCA specifically provides the exclusive remedy for claims of negligence by government employees. 28 U.S.C. §2679(b) (exclusive remedy). Thus, Plaintiff's claim that he did not receive medical treatment quickly enough is only cognizable under the FTCA. However, the United States is the only proper defendant in an FTCA case. Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988). To the extent that Plaintiff wished to assert a negligence claim he could not have asserted it against SA Nelson.

### D.  FTCA Claim Should Be Dismissed

**1. Wrong Party Named as Defendant.**

As explained in the previous section, the FTCA provides the exclusive remedy for state tort and common law tort claims arising from the acts of a government employee. 28 U.S.C. §2679. And, the United States is the only proper defendant in an FTCA action. See, also, Complaint, p.54 ("Under the FTCA, only the United States, not its agencies and/or employee, may be sued "eo nomine"). Plaintiff's "claim five" asserts a claim for "tortious interference with contract law." And, he specifically states that the claim is "cognizable under 28 U.S.C. [Sections] ... 2671-80." Complaint, p. 45 (section heading). Plaintiff should have named the United States as a defendant, but he did not. Instead, he filed a complaint against four individual defendants. His tortious interference claim should be dismissed as to SA Nelson, the only remaining defendant.

6

## 2. Failure to Exhaust FTCA Administrative Remedies.

The filing of an FTCA claim is a jurisdictional prerequisite to bringing an action under the FTCA. 28 U.S.C. §2675. In order to bring a federal lawsuit, a claimant must do more than file a claim; a claimant must have received a denial of the claim or have waited for six months after the claim without receiving a response. 28 U.S.C. §2675(a). A federal suit filed prior to one of these two events should be dismissed. McNeil v. United States, 113 S. Ct. 1980 (1993) (upholding the dismissal of an FTCA claim in federal court prior to the administrative disposition of the claim). Plaintiff has not filed an FTCA claim with the FBI. See, Declaration of Debra Anne O'Clair marked as Exhibit "A" attached hereto.

Plaintiff's FTCA claims should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

## 3. "Interference with Contract" Claims Are Excepted from the FTCA.

The United States is immune from suit under the doctrine of sovereign immunity, except to the extent that it has consented to be sued by act of Congress. United States v. Sherwood, 312 U.S. 584 (1941) and Dalehite v. United States, 346 U.S. 15 (1953) (no action lies against the United States unless the legislature has authorized such suit). The FTCA provides such a waiver and offers the exclusive remedy for state and common law torts committed by goverment employees.

However, the FTCA contains certain exceptions. See, 28 U.S.C. §2680. These are exceptions to the waiver of sovereign immunity and, therefore, preclude suit against the United States for the articulated exceptions; unless a cause of action is provided by another statute, a claim falling under an FTCA exception is barred. See, U.S. v. Smith, 111 S. Ct. 1180 (1991). One of the exceptions to the FCTA is "interference with contract rights." See 28 U.S.C. §2680(h). Thus, Plaintiff's claim for tortious interference with

7

contract falls squarely within the exception and is barred. Plaintiff's claim five should be dismissed.

## 4. FTCA Claims are Time Barred.

Claims under the FTCA must be made within two years. 28 U.S.C. §2401(b). All of the events complained of took place well more than two years ago. See, Complaint, p. 9, para. #11 (describing an event in March 1999 which took place at the federal prison in Elkton, where he was moved after conviction and sentencing). Even if Plaintiff could recharacterize his allegations as cognizable torts, his claims are time barred.

## Conclusion and Prayer

WHEREFORE, PREMISES CONSIDERED, the remaining defendants herein ask that this Court dismiss the remaining allegations—and this complaint—for want of subject matter jurisdiction and personal jurisdiction.

Respectfully submitted,

GREGORY A. SERRES
UNITED STATES ATTORNEY

_____
NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St., No. 201
Brownsville, TX 78520
(956) 548-2554/FAX (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1), (2), and (5) of the Federal Rules of Civil Procedure was mailed on this the 27th day of JULY, 2001 via Certified Mail, Return Receipt Requested to Danny Lin Maccune (No. 77909-079), FCI Morgantown, P.O. Box 1000, Morgantown, West Virginia 26507-1000.

_____
NANCY L. MASSO
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| DANNY LIN MACCUNE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CORREY NELSON, ) <br> et al., ) <br> ) <br> Defendants. ) | No. Misc. B-00-014 <br><br> **DECLARATION OF <br> DEBRA O'CLAIR** |

In accordance with Title 28, United States Code, Section 1746, I, Debra O'Clair, do hereby declare as follows:

(1) I am the Acting Records Officer and Acting Section Chief of the Information Management Section (IMS), Information Resources Division (IRD), Federal Bureau of Investigation Headquarters (FBIHQ), Washington, D.C.

(2) As the Acting Records Officer and Acting Section Chief, IMS, IRD, I have under my care, custody, and control all records contained in the Central Records System at FBIHQ.

(3) The records that are under my care, custody, and control at FBIHQ include records of all administrative claims submitted to FBIHQ. All FBI Field Offices are required to provide FBIHQ with copies or notices of all administrative claims submitted to the Field Offices. These records are retrievable through a search of the general indices at FBIHQ.

(4) I have caused to be made a diligent search of the general indices to the Central Records System maintained at FBIHQ as of July 19, 2001, for any and all documents indexed to the name Danny Lin Maccune. This search disclosed no record of any administrative claim submitted by Danny Lin Maccune to the FBI regarding the above-captioned matter.

**EXHIBIT "A"**

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___19th___ day of July, 2001.

                                              *[signature]*
                                              Debra O'Clair
                                              Acting Records Officer and Acting Section Chief
                                              Federal Bureau of Investigation
                                              Washington, D.C.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DANNY LIN MACCUNE<br>    Plaintiff, | *<br>*<br>* |
| vs. | *   CIVIL ACTION No. Misc. B-00-014<br>* |
| CORREY NELSON, *et al.*<br>    Defendants. | *<br>* |

## ORDER OF DISMISSAL

CAME ON TO BE CONSIDERED on this the ___ day of _____, 2001 the Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure. Having considered defendants' arguments, the Court is of the opinion that the motion to dismiss should be granted. Therefore, it is hereby

ORDERED that the Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1), (2), (5) and (6) of the Federal Rules of Civil Procedure is GRANTED. Therefore, it is also

ORDERED that the plaintiff's cause be DISMISSED.

SIGNED on this the ___ day of _____, 2001 in Brownsville, Texas.

_____
FILEMON B. VELA
United States District Judge