*15*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
## - BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

**OCT 2 3 2001**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DANNY LIN MACCUNE, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-065 |
| | § | |
| CORREY NELSON, ET AL., | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1), (2), (5) and (6) of the Federal Rules of Civil Procedure (Docket No.14) filed on July 27, 2001. Plaintiff, Danny Lin Maccune ("Maccune") has not responded to this Motion. For the reasons set forth below, the Motion to Dismiss should be granted.

## BACKGROUND

Maccune filed this suit against almost everyone involved in his arrest, and subsequent conviction following a guilty plea for drug offenses. His lengthy *pro se* complaint (Docket No. 1) sought actual and punitive damages against the F.B.I. agents who arrested him, the Assistant United States Attorneys who prosecuted him and the United States District Judge who presided over his case.

By Order dated April 19, 2000, (Docket No. 3) all claims except an excessive force *Bivens* claim against F.B.I. Special Agent Correy Nelson ("Nelson") and a claim for tortious interference with contract against the United States for failing to place Maccune in the Witness Protection Program were dismissed pursuant to 28 U.S.C. § 1915A.

ClibPDF - www.fastio.com

## THE MOTION TO DISMISS

In their Motion to Dismiss, the defendants claim:

1.    Special Agent Nelson has not been served.

2.    The United States has not been served.

3.    The facts pled by Maccune with respect to his arrest do not give rise to a *Bivens*    claim

against Nelson.

4.    Claims of negligence against Nelson are improper since the Federal Tort Claims Act

("FTCA") 28 U.S.C. § 2679(b) provides the exclusive remedy against the United States for

such claims.

5.    Maccune failed to file a claim pursuant to 28 U.S.C. § 2675.  The claims provision of the

FTCA is jurisdictional thus failure to file a claim bars it.

6.    The doctrine of sovereign immunity bars Maccune's claim for interference with contract.

7.    The FTCA contains a two year limitation statute.  Maccune's claims are time barred.

## RECOMMENDATION

**A.    The *Bivens* Claim**

In order to prevail on a Bivens claim, Maccune would have to show that Nelson used

excessive force during the arrest.

Maccune's complaint states at pages 1 and 2 that when he was arrested he was handcuffed

and thrown to the ground where he was bitten by ants.  On pages 5 and 6 of his complaint, Maccune

alleges that the agents, presumably including Nelson, ignored his complaints for over two hours.

However, he does admit that they took him to a hospital where he stayed for two hours.  On page

twenty-eight, Maccune claims that it was agent Martinez who handcuffed him and threw him to the ground.

Maccune's allegations comprise two parts. First the force used in the actual arrest was excessive. Second he was not afforded medical care as soon as he requested it. Both of these complaints are *de minimis*. Additionally, Maccune's claim with respect to delay in furnishing medical care is not an excessive force claim. *Hudson v. McMillian*, 503 U.S.1 (1992).

## B.    The Tortious Interference with Contract Claim

Maccune has not sued the United States of America.. He did not present an administrative claim as required by 28 U.S.C. sec 2675(a). An action for interference with contract rights will not lie under the Federal Tort Claims Act (FTCA), because 28 U.S.C. 2680(h) specifically excludes from the waiver of sovereign immunity claims arising out of interference with contract rights. *Crenshaw v. United States*, 959 F. Supp. 399 (S.D. Tex. 1997)

## C.    Federal Tort Claims Act Claims

Maccune's FTCA claims are time barred. Tort claims against the United States must be presented in writing to the appropriate agency within two years of accrual. 28 U.S.C. § 2401(b). Maccune's suit was filed on March 1, 2000. Maccune was arrested on March 6, 1998. Apparently he never presented his claims in writing to the appropriate agency as required by 28 U.S.C. § 2675 (a) and 28 U.S.C. § 2401(b), thus his FTCA claims are time barred.

## LACK OF SERVICE

Maccune has never served Nelson in either his official or individual capacity. The United States has never been served. Fed. R. Civ. P. 4(i)(2)(B) requires service on officers and employees of the federal government.

-3-

-4-

IT IS THEREFORE **RECOMMENDED** that Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1), (2), (5) and (6) of the Federal Rules of Civil Procedure (Docket No. 14) be **GRANTED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 22nd day of October, 2001.

John Wm. Black
United States Magistrate Judge

ClibPDF - www.fastio.com